IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10310
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH RENE MEZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-121-1-A
--------------------
December 19, 2001

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joseph Rene Meza ("Meza") appeals his convictions and sentences for three counts of using a firearm in connection with bank robbery.  Meza pleaded guilty to three bank robbery charges, and proceeded to a jury trial on the firearm charges.  The only issue contested at trial was whether Meza had used a firearm or a pellet gun during the robberies.  Meza contends that the district court abused its discretion in cutting off his voir dire question concerning whether the panel agreed that the Government should bear the burden to prove that the weapon used by Meza was a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm and not a pellet gun.  He contends that his Sixth Amendment Confrontation Clause right was violated when the district court interrupted his cross-examination of a witness concerning whether pellet guns have a casing in the barrel that makes the barrel smaller.  However, Meza did not object to the district court's handling of voir dire or the asserted limitation on cross-examination.  Meza also contends that the evidence was insufficient to convict him of count eight of the indictment, pertaining to the robbery of a Wells Fargo Bank, because the Government's witness, the bank teller, did not have sufficient personal experience or knowledge to offer her lay opinion that the weapon used by Meza was a firearm.

The district court did not err in curtailing voir dire on the issue of burden of proof, which the court had explained at length to the potential jurors.  See United States v. Gray, 105 F.3d 956, 962 (5th Cir. 1997).  Further, the court did not err in interrupting counsel on cross-examination and directing counsel to ask questions rather than making arguments; counsel was thereafter permitted to thoroughly cross-examine the witness concerning his knowledge of pellet guns.  See United States v. Martinez, 151 F.3d 384, 390 (5th Cir. 1998); Gray, 105 F.3d at 962.

The evidence was sufficient to sustain Meza's conviction for using a firearm during the Wells Fargo robbery, in light of the bank teller's testimony that the gun Meza showed her during the robbery appeared to be real and capable of firing real bullets, and that she could tell the difference between a real gun and a

toy or pellet gun based on her experience.  See United States v. Lankford, 196 F.3d 563, 575 (5th Cir. 1999).  Although Meza testified that the weapon was a pellet gun, the jury was free to accord more credibility to the bank teller's testimony.  See id. at 575.

AFFIRMED.